GEORGE H. HUMPHREY and CATHERINE D. HUMPHREY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Humphrey v. Commissioner
Docket No. 7145-72
United States Tax Court
T.C. Memo 1975-22; 1975 Tax Ct. Memo LEXIS 349; 34 T.C.M. (CCH) 107; T.C.M. (RIA) 750022; February 10, 1975, Filed *349 Victor Chini, for the petitioners. John D. Steele, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1968 in the amount of $ 24,897.00. We have been asked to determine the fair market value of stock in the W. B. Saunders Company in May of 1967. The parties have agreed that the petitioners will be in receipt of additional income in 1968, the year certain restrictions on the stock lapsed, to the extent the value of the stock in the earlier year exceeds petitioners' costs. FINDINGS OF FACT Certain facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. George H. Humphrey and Catherine D. Humphrey, husband and wife, maintained their residence in Skaneateles, New York, at the time the petition was filed in this case. They timely filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue at Buffalo, New York. Any reference to "petitioner" hereinafter shall be deemed to mean George H. Humphrey. *350 W. B. Saunders Company (hereinafter referred to as Saunders) was founded in 1888 and subsequently incorporated in 1906 as a Pennsylvania corporation. Its principal place of business during 1967 and 1968 was in Philadelphia, Pennsylvania. Since the corporation's inception Saunders has been a conservatively managed, family controlled publishing company [1] and prior to 1965 engaged solely in the publication of texts and reference books for the medical, dental, nursing and veterinary professions and biological sciences. In said year a decision was made to expand and diversify with the result that Saunders increased its market by publishing college textbooks in the physical sciences, physics, chemistry, mathematics and education. Saunders' operating record, as per audited statements, for the years 1959 through 1967 is as follows: Operating Record - W. B. Saunders Company
(as per audited statements)
1967
1966
1965
1964
1963
Sales (net)
$ 15,708,000
$ 14,574,000
$ 12,983,000
$ 12,046,000
$ 11,114,000
Cost of
7,067,000
6,637,000
5,640,000
5,286,000
5,062,000
Sales
SG&A
4,992,000
4,674,000
4,246,000
3,909,000
3,652,000
Operating
$ 3,649,000
$ 3,263,000
$ 3,097,000
$ 2,850,000
$ 2,399,000
Profit
Other Income
169,000
202,000
138,000
185,000
68,000
Pre-Tax
$ 3,817,000
$ 3,465,000
$ 3,235,000
$ 3,035,000
$ 2,468,000
Taxes
1,891,000
1,669,000
1,569,000
1,500,000
1,287,000
Net Income
$ 1,926,000
$ 1,796,000
$ 1,666,000
$ 1,535,000
$ 1,181,000
Percent of
12.3%
12.3%
12.8%
12.7%
10.6%
Sales
Net Per
$ 18.88
$ 17.64
$ 16.33
$ 15.09
$ 11.88
Share
Net Worth
$ 10,914,418
$ 9,963,187
$ 9,220,776
$ 8,473,209
$ 7,601,466
Shares
102,004
101,804
102,004
101,700
99,450
Outstanding
Book Value
$ 107.00
$ 97.87
$ 90.40
$ 83.32
$ 76.44
per Share
Dividends
$ 9.75
$ 9.75
$ 9.25
$ 8.25
$ 7.50
per Share
Payout
51.6%
55.3%
56.6%
54.7%
63.1%
*351 Operating Record - W. B. Saunders Company
(as per audited statements)
1962
1961
1960
1959
Sales (net)
$ 9,510,000
$ 8,703,000
$ 8,350,000
$ 8,074,000
Cost of
4,275,000
3,804,000
3,628,000
3,475,000
Sales
SG&A
3,346,000
3,121,000
2,854,000
2,765,000
Operating
$ 1,889,000
$ 1,778,000
$ 1,869,000
$ 1,834,000
Profit
Other Income
114,000
83,000
83,000
55,000
Pre-Tax
$ 2,003,000
$ 1,861,000
$ 1,951,000
$ 1,889,000
Taxes
1,019,000
988,000
1,021,000
1,014,000
Net Income
$ 984,000
$ 873,000
$ 930,000
$ 875,000
Percent of
10.3%
10.0%
11.1%
10.8%
Sales
Net Per
$ 9.98
$ 8.98
$ 9.72
$ 9.13
Share
Net Worth
$ 7,102,636
$ 6,658,093
$ 6,268,301
$ 5,918,651
Shares
98,600
97,200
95,700
95,800
Outstanding
Book Value
$ 72.03
$ 68.50
$ 65.50
$ 61.78
per Share
Dividends
$ 6.50
$ 6.00
$ 6.00
$ 5.00
per Share
Payout
65.1%
66.7%
61.7%
54.8%
From 1959 through 1967 Saunders experienced an average annual growth rate of approximately 8.7 percent. During this same period the number of its customers among physicians and medical students grew annually at the rate of 3.4 percent and 1.6 percent, *352 respectively. Between May 27, 1960 and March 27, 1968, the National Stock Summary carried bid prices for Saunders stock ranging from $ 100 to $ 127.50 per share. On August 27, 1968 the National Stock Summary carried a bid of $ 130 per share; on September 24, 1968 a bid of $ 132 per share; and on October 25, 1968 a bid of $ 127 per share. There were no offers to sell the Saunders stock during the above period, for the shares were not freely traded due to family contracts and restrictions in an employee stock purchase plan. Throughout the years 1967 and 1968 petitioner was an employee of Saunders. On April 11, 1967, he was afforded the opportunity to purchase 200 shares of stock in Saunders under a plan the corporation maintained for its more important employees. The terms of the plan provided that petitioner purchase the 200 shares at the then book value of $ 97.73 per share. The shares, however, could be owned by him only as long as he remained in the employ of Saunders; upon termination of petitioner's employment the stock would be repurchased by Saunders at the current book value. To insure that the stock would be resold to Saunders at the time when petitioner ceased to be an *353 employee, he was required to endorse the stock certificate in blank and deposit it with the corporation. In May of 1967 petitioner accepted the above offer and purchased 200 shares of Saunders stock under the restrictive stock purchase agreement. [2]
On June 12, 1968, Columbia Broadcasting System, Inc. (hereinafter referred to as CBS) agreed to acquire substantially all of the assets and assume substantially all of the liabilities of Saunders. The agreement called for CBS to deliver to Saunders 10.57636 shares of CBS stock for each share of Saunders stock outstanding. Saunders was to distribute the 10.57636 shares to its shareholders in exchange for each share of Saunders stock being held. [3] Prior to the actual consummation of the above arrangement CBS declared a 2 percent stock dividend on November 13, 1969, thus increasing the number of shares of CBS stock to be exchanged for one share of Saunders stock to 10.78789. On December 18, 1968, petitioner received 2,157.578 shares of CBS stock in exchange for the 200 shares of Saunders stock which *354 he owned. The petitioner was advised by Saunders at this time that he must recognize ordinary income on the difference between his contract purchase price for the Saunders stock and the fair market value of the stock at the date of acquisition, had it been available on the open market at that time. He was informed that the difference constituted additional compensation to him in 1968 the year in which the restrictions on the stock lapsed. Conscious of the fact that no established market value for the Saunders stock existed, CBS retained the investment banking firm of Butcher & Sherrerd (now Butcher & Singer) of Philadelphia, Pennsylvania, to value the Saunders stock for the above purpose. The firm subsequently valued the Saunders stock at $ 443.92 per share as of May 1967. Petitioner thereafter received a W-2, Wage Statement from Saunders, for the year 1968 showing additional taxable income of $ 69,238.00 computed as follows: Appraisal by Butcher & Sherrerd:
200 shares at $ 443.92 per share
$ 88,784.00
Purchase Price:
200 shares at $ 97.73 per share
19,546.00
Additional taxable income
$ 69,238.00
*355 Petitioner disagreed with the value determined by Butcher & Sherrerd and filed his 1968 tax return showing additional taxable income of $ 9,110. This amount was based upon a value of $ 143.28 per share of Saunders stock determined by the national accounting firm which prepared petitioner's Federal income tax return for said year. Respondent, by statutory notice dated July 5, 1972, determined a deficiency in petitioner's tax for the year 1968, claiming the value of the Saunders stock to be $ 443.92 per share. Although petitioner reported the fair market value of the stock to be $ 143.28 per share on his return, he is now asserting the fair market value to be $ 97.73. OPINION The issue here involves the determination of the value of certain shares of stock in a closely held corporation at a particular period in time. Relying on the 1968 appraisal of the Saunders stock by Butcher & Sherrerd, a representative of the investment banking firm has testified in support of respondent's determination that the value per share of the questioned stock in May of 1967 was $ 443.92. Respondent's approach to the problem here has been to examine closely and consider the following in making *356 a determination of value: [4] (1) the history of the business; (2) the marketability of the stock to be valued; (3) the market price of stocks of other corporations engaged in the publishing business whose stocks were actively traded on an exchange or over-the-counter; (4) economic outlook in general; (5) the book value of the stock and the financial condition of the business; (6) the earning capacity of the company; (7) the dividend paying capacity; and (8) the existence of goodwill. With consideration of the above factors respondent's method of determining the value of the shares was to multiply the earnings per share of Saunders stock for the current year by the average price earnings ratios of three comparable publicly owned companies [5] in May of 1967. The resultant figure was then discounted to allow for a lack of marketability and conservative management. *357 Petitioner has also presented the testimony of an expert to support the value he has placed on the shares. After examining all of the factors used by respondent in determining value, the expert arrived at a value of the Saunders stock of not more than $ 127.50 [6] per share in May of 1967. After a close examination of all the factors pertinent to a decision here, and, consideration of the methods and circumstances employed by petitioner and respondent in their attempts to determine value, we feel both parties have misstated the value of the shares in question. It is our informed judgment, and we so hold, that the fair market value per share of Saunders stock in May of 1967 was $ 295.00. [7]
*358 Decision will be entered under Rule 155.
Footnotes
1. At all times relevant here family ownership amounted to approximately 92 percent of the stock outstanding.↩
2. Between September 1961 and August 1967, a total of 34 employees purchased from 100 to 400 shares each under similar conditions.↩
3. On September 3, 1968, the mean average price of CBS stock traded on the New York Stock Exchange was $ 48.375 per share.↩
4. See Rev. Rul. 59-60, 1959-1 C.B. 237↩.
5. The companies respondent has chosen to treat as comparable are Allyn & Bacon, Inc., Richard D. Irwin, Inc., and John Wiley & Sons, Inc. Petitioner has agreed that for purposes of this case the financial information of these companies as compared to Saunders is correct.↩
6. In arriving at this figure, petitioner's expert relied in part on bid quotations for the Saunders stock in the National Stock Summary. In this connection we emphasize that none of the stock was ever sold for the bid quotations. Furthermore, even after the public announcement of the agreement with CBS the bid price for Saunders stock remained virtually unchanged.↩
7. We point out here that we are not foreclosing the use of the various methods employed by petitioner and respondent in determining value, but merely reflecting certain adjustments, under the facts here, that we have seen fit to make.↩